```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

EUGENE AND MARGARET ST.           *          CIVIL ACTION
MARIE

VERSUS                            *          NO: 06-8725

STATE FARM FIRE AND CASUALTY      *          SECTION: "D"(5)
COMPANY
```

### ORDER AND REASONS

Before the court is the **"Motion to Remand"** filed by Plaintiffs, Eugene and Margaret St. Pierre. Defendant, State Farm Fire and Casualty Company, filed a memorandum in opposition. The motion, set for hearing on Wednesday, March 28, 2007, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied.

### I. Background

In this Hurricane Katrina-related matter, Plaintiffs initially filed sued in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, against State Farm (Plaintiffs' alleged homeowner's insurer) and Mike Frazier, Kim Banks and Janisse Brinkley (the alleged adjusters who handled Plaintiffs'

claim).

Plaintiffs specific allegations against the individual adjusters include the following:

### VII.

> STATE FARM FIRE AND CASUALTY COMPANY and the insurance adjusters named as Defendants herein arbitrarily determined that most of the damage to the covered property was caused by hurricane driven flood water and was not caused by hurricane wind, tornado or rain damage....

### XIII.

> Defendants, MIKE FRAZIER, KIM BANKS and JANISSE BRINKLEY, are individually liable for their acts in failing to adjust plaintiffs' claim in good faith and their failure to disclose material information to Plaintiffs causing further delay and damage as a result.

### XIV.

> Upon information and belief, MIKE FRAZIER, KIM BANKS and JANISSE BRINKLEY arbitrarily and capriciously approved payments of policy proceeds to certain insureds of State Farm while denying payments for other insureds, including Plaintiffs, when there was no basis in law or fact to do so since all the damages suffered by these insureds were caused by Katrina's wind, rain and tornadoes.

### XV.

> Throughout the course of the adjustment process, State Farm Fire and Causality Company and its agents, adjusters and employees, some of whom may be named in this petition or any supplemental petition thereto, committed the following bad faith acts:

    a) Failing to meet with Plaintiffs at the insured property site to inspect the damage/destruction;

    b) Advising the Plaintiffs of a date and time to meet at the insured property site and failing to attend such meeting;

    c) Approving payment to other policy holders whose claims were similar to the Plaintiffs while denying Plaintiffs' claim;

    d) Failing to properly investigate Plaintiffs' claim to determine what effect the hurricane force winds and rain had on the property before any flood waters appeared;

    e) Advising Plaintiffs that perils covered under the insurance policy caused the damage/destruction and that the policy limits would be paid; and then subsequently the insureds were advised differently;

    f) Issuing documents indicating that a peril covered by the insurance policy caused the damage/destruction to the insured premises and then revoking such decision.

(*See* Petition, attached to removal papers).

State Farm removed the matter to this court and based its removal on diversity jurisdiction asserting diversity of citizenship between Plaintiffs who are Louisiana citizens and State Farm who is a foreign insurer, and improper or fraudulent joinder of the individual adjusters (*if* they are Louisiana residents). State Farm also asserts that jurisdiction also exists under the

Multiforum Trial Jurisdiction Act (MMTJA), arguing that the court either has original jurisdiction under 28 U.S.C. §1369, or alternatively piggy-back jurisdiction under 28 U.S.C. §1441(e)(1)(A).

In their Motion to Remand, Plaintiffs maintain that there is no diversity jurisdiction and removal based on the MMTJA is not appropriate.  As the court next discusses, the court agrees that there is no jurisdiction under the MMTJA, but the court finds that the adjusters have been improperly or fraudulently joined, and thus the court has diversity jurisdiction.

## II.  Legal Analysis

**A.  Diversity Jurisdiction?**[1]

There are two ways to establish fraudulent or improper joinder: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005), *citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(*en banc*).

The first--actual fraud--is at issue in this case, because

---

[1]     Plaintiffs do not contest the amount-in-controversy in their Motion to Remand, and thus the court does not find this is an issue in deciding if the court has diversity jurisdiction.

Plaintiffs have alleged in their Petition that the individual adjusters "upon information and belief" live in Louisiana. (Petition at ¶I). And State Farm does not concede that the individual adjusters are non-diverse. (*See* State Farm's Opp. at p. 8). However, the court need not adjudicate whether or not the individual adjusters are indeed non-diverse, because as the court next discusses, "there is no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against [the adjusters, whether they are non-diverse or not]." *Guillory*, 434 F.3d at 308, *quoting Smallwood*, 383 F.3d at 573.

To determine the validity of an improper joinder claim, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory*, 434 F.3d at 308 (citation omitted). Additionally, the court must resolve all ambiguities in the controlling state law in the plaintiff's favor. *Id*. "The court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, (5th Cir. 2003). And while the burden of persuasion on those claiming fraudulent joinder is a heavy one, "there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Id.*

5

The court may resolve the issue of whether plaintiff has a reasonable basis of recovery under state law in two ways.  The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the state-court petition to determine whether the petition states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6)-type challenge, there is no improper joinder.  "That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder."  *Id*. at 309.  In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.  *Id.*

With regard to insurance adjusters, Louisiana courts have consistently held that, as a general rule, an insurance adjuster owes no duty to an insured to properly investigate or handle claims, or advise an insured on coverage issues.  *See e.g.*, *Pellerin v. Cash Pharmacy*, 396 So.2d 371 (La. App. 1st Cir. 1981)(no duty on the part of an insurance adjuster to advise a claimant of the proper prescriptive period); *Rosinia v. Lexington Ins. Co.*, 2006 WL 3141247 *1 (E.D.La. 2006)(Barbier, J.)(although insured plaintiff claimed that insurance adjuster failed to act timely and absconded with their documentation, an insurance adjuster had no

independent tort duty to the insured); *Rich v. Bud's Boat Rentals, Inc.*, 1997 WL 785668 (E.D.La. 1997)(Vance, J.)(although insured plaintiff alleged that adjuster negligently and carelessly investigated the insured's claims, there were no facts alleged from which adjuster could be said to have undertaken a duty to the insured).

However, in *Pellerin*, the court stated that an adjuster could possibly assume a tort duty to the insured (i.e, in that case, a duty to disclose the prescriptive period to an insured) in certain circumstances depending on the "relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises to the claimants, misrepresentation or fraud." *Pellerin*, 396 So.2d at 373. Apparently believing the adjuster may have undertaken or assumed a duty to inform the insured of prescription, the *Pellerin* court remanded with instructions to allow the plaintiff to amend her petition to allege such a breach of duty.

In *Alarcon v. Aetna Cas. & Sur. Co.*, 538 So.2d 696 (La. App. 5th Cir. 1989), the plaintiff sued Aetna and its adjuster for alleged negligent acts of omission and commission including: failing to evaluate the homeowners's claim in a timely manner; failing to make any meaningful effort to evaluate the homeowner's

claim; failing to attempt to make a reasonable settlement of the homeowner's claim; and failing to fulfill the terms of the contract. *Id*. at 699. The appellate court found that these allegations although described as "negligent acts of omission and commission" did not propose that the adjuster had assumed a duty toward the plaintiff which he breached. *Id*. Thus, the court found that the trial court had correctly maintained the exception of no cause of action as to the tort claim against the adjuster and Aetna. *Id*. However, the appellate court held "that under some circumstances a tort duty may exist in the settlement of an insurance claim and that the plaintiffs must be given the opportunity to amend their petition." *Id.*

Further, this court has recently found that an adjuster could have assumed and breached an independent tort duty to investigate and adjust a plaintiff's claim. *See Dillon v. Lincoln General Ins. Co.,* Docket No. 06-7354, 2006 WL 3469554 (E.D.La. November 30, 2006)(McNamara, J.), and *Pelican Hospitality Group v. United National Ins. Co.*, Docket No. 06-6168, Doc. No. 13, 2006 WL 3313721 (E.D.La. November 13, 2006)(McNamara, J.).[2]

In *Dillon*, Plaintiffs essentially alleged that an adjuster

---

[2] However, the court did not reach the issue of whether or not the adjuster in either case in fact had or breached such a duty.

first told them that their insured vehicles would be totaled, but then some eleven days later another adjuster told Plaintiffs that total replacement cost would not be paid relative to the vehicles' damage, since the vehicles were repairable. But Plaintiffs also alleged that the first adjuster had indicated an interest in purchasing the vehicles at a reduced cost, either from the Petitioners or Lincoln General after the insurance claim was resolved.

In asserting these allegations, the court found that Plaintiff had sufficiently pled "the actual or apparent authority of the adjuster, the content of his promises to the claimants, misrepresentation or fraud" which are the type of *Pellerin* circumstances from which the adjuster may be said to have undertaken an independent tort duty to the insured. *Dillon*, 2006 WL 3469554 at *3. Likewise, in *Pelican*, the court found that Plaintiff sufficiently pled in its Petition for Damages "the actual or apparent authority of the adjuster" and his "misrepresentation[s]." *Pelican*, 2006 WL 3313721 at *4.

However, in this case, the court finds that Plaintiff has failed to make allegations from which it could be said that the individually-named adjusters (Frazer, Banks and Brinkley) assumed and breached a specific, independent duty to Plaintiff. Further,

Plaintiffs do not allege a disparity in the education of the parties, and Plaintiffs have failed to allege (or sufficiently allege) that the adjusters committed fraud, made misrepresentations or false representations or that they exceeded their authority to act on State Farm's behalf.  "Plaintiffs do allege that their adjusters failed to disclose material information, but absent a deliberate disclosure of untruthful information, an adjuster is under no affirmative obligation to disclose information about the potential success of a claim."  *Menedez v. State Farm Fire & Casualty Co.,*  2007 WL 519875 (E.D.La. 2007)(Vance, J.).

Thus, evaluating all of the factual allegations regarding Defendants in the light most favorable to Plaintiffs, the court concludes that Plaintiffs do not have a reasonable basis of recovery against Defendants Frazer, Banks and Brinkley under Louisiana state law.  Thus, these adjuster-Defendants are improperly joined, and there is complete diversity between Plaintiff and State Farm.[3]

---

[3] This holding is in accordance with recent opinions issued by other courts in the Eastern District, in which allegations **identical** to those now before this court were addressed.  *See Menedez v. State Farm Fire & Casualty Co.,*  2007 WL 519875 (E.D.La. 2007)(Vance, J.); *Munsterman v. State Farm Fire & Casualty Co.,*  2007 WL 29183 (E.D.La. 2007)(Zainey, J.); and *Jaspriza v. v. State Farm Fire & Casualty Co.,*  2007 WL 625932 (E.D.La. 2007)(Fallon, J.); and *Bubrig v. State Farm Fire & Casualty Co.,*  2007 WL 675333 (E.D.La. 2007)(Duval, J.).

**B. Jurisdiction under the MMTJA?**

The MMTJA provides in relevant part:

**§1369. Multiparty, multiforum jurisdiction**

**(a) In general.-**The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if-

    (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;

    (2) any two defendants reside in difference States, regardless of whether such defendants are also residents of the same State or States; or

    (3) substantial parts of the accident took place in difference States.

**(b) Limitation of jurisdiction of district courts.-**The district court shall abstain from hearing any civil action described in subsection (a) in which-

    (1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and

    (2) the claims asserted will be governed primarily by the laws of that State.

28 U.S.C. §1369.[4]

An "accident" under §1369 is defined as "a sudden accident, or natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 persons." 28 U.S.C. §1369(c)(4). Here, the court does not have original jurisdiction under §1369, because Hurricane Katrina is not an "accident" as that term is defined in the MMTJA.[5]

However, State Farm also argues that the court has supplemental jurisdiction under 28 U.S.C. §1441(e)(1)(B), because Defendant is already a defendant in multiple cases where jurisdiction would be proper under the MMTJA, 28 U.S.C. §1369. The full text of 28 U.S.C. §1441(e)(1) provides:

> a defendant in a civil action in State court may remove that action to the district court of the United States for the district court and division embracing the place where the action is pending if-

---

[4] "The MMTJA was designed to ameliorate the restrictions on the exercise of federal jurisdiction that ultimately forced parties in multiple suits arising from the same disaster to litigate in several fora." *Wallace v. Louisiana Citizens Property Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006). The ultimate goal of the MMTJA is consolidation. *Id.*

[5] *See e.g., Haas v. Lafayette Ins.* Co., 2006 WL 3437498, EDLA No. 06-8975, Doc. No. 6 (McNamara, J.); Flint *v. Louisiana Farm Bureau Mutual Ins. Co.*, EDLA No. 06-2546, Doc. No. 19 (Duval, J.); *Berry v. Allstate Ins. Co.*, EDLA 06-4922, Doc. No. 8 (Zainey, J.); *Southall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (Barbier, J.); *Fidelity Homestead Ass. v. The Hanover Ins. Co.*, EDLA No. 06-3511, Doc. No. 26 (Berrigan, J.); *Southern Athletic Club, LLC v. The Hanover Ins. Co.*, EDLA No. 06-2605, Doc. No. 28 (Lemmon, J.); and *Carroll v. Lafayette Ins. Co.*, EDLA No. 06-3955, Doc. No. 20 (LeMelle, J.).

> (A) the action could have been brought in the United States district court under section 1369 of this title; or
>
> **(B) the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter**.

28 U.S.C. §1441(e)(1) (emphasis added).

As the Fifth Circuit has reasoned:

> §1441(e)(1)(B) permits removal in those situations where original federal subject matter jurisdiction does not exist ... When the requirements of §1441(e)(1)(B) are met, defendants need not establish the existence of independent subject matter jurisdiction under any other provision, including under §1369(a), because supplemental jurisdiction has been established.

*Wallace,* 444 F.3d at 702.[6]

However, in this case, the court rejects Defendant's argument that this court can exercise supplemental jurisdiction under §1441(e)(1)(B) based on the fact that Defendant is already a

---

[6] The court notes that §1369(b) is not an independent bar to exercise of jurisdiction over a case removed pursuant to §1441(e)(1)(B), because §1369(b) applies only to the exercise of original jurisdiction under §1369(a). *Wallace*, 444 F.3d at 702.

13

defendant in other actions pending in this court.  To the extent that these other cases are allegedly based on Hurricane Katrina causing damage in Plaquemines Parish, they could not have been brought under the MMTJA because, again, Hurricane Katrina is not an "accident" as that term is defined in the MMTJA.  Further, in *Chehardy*, it has been found that "§1369 jurisdiction exists ... because the levee break is the requisite accident that caused the death of at least 75 natural persons at a discrete location."[7]  In this case, Plaintiff makes no allegation about levee breaches and State Farm presents no allegations of a levee breach in its removal papers or opposition memorandum.  Thus, the court finds that it has no "piggy-back jurisdiction" under §1441(e)(1)(B).  *Wallace*, 444 F.3d at 702.

---

[7]    In *Flint v. Louisiana Farm Bureau Mutual Ins. Co.*, No. 06-2546, Doc. No. 19, p. 7, Judge Duval found that:

> [*Chehardy v. State Farm Fire & Casualty Co.*, a case transferred from the Middle District of Louisiana to the Eastern District, No. 06-1672, and now pending in Section K under lead case, No. 05-4182, *In re: Katrina Breaches Litigation*] arises from a levee break that caused both loss of life and property damage. Therefore, the Court concludes that §1369 jurisdiction exists in *Chehardy* because the levee break is the requisite that caused the death of at least 75 natural persons at a discrete location.

### III.   Conclusion

For the reasons set forth above,

**IT IS ORDERED** that Plaintiffs' **"Motion to Remand"** be and is hereby **DENIED**, because the court has diversity jurisdiction;

**IT IS FURTHER ORDERED** that **Defendants Mike Frazier, Kim Banks and Janisse Brinkley** be and are hereby **DISMISSED** as improperly joined defendants.

New Orleans, Louisiana, this **28th** day of **March, 2007**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

15